LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29906

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAI'I

2010 MAY 24 AM 7:57

FILED

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ROBERT E. KENYON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-08-10457)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)

Defendant-Appellant Robert E. Kenyon (Kenyon) appeals from the Judgment filed on May 22, 2009,[1] in the District Court of the First Circuit (district court).[2]

Kenyon was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (b)(1) (Supp. 2008).

On appeal, Kenyon argues that the district court erred by denying his motion to dismiss the OVUII charge because the written complaint and oral charge failed to state an essential element of the offense, namely, that Kenyon operated or assumed actual physical control of a vehicle upon a public way, street, road, or highway.[3]

---

[1] The bar code affixed to the Judgment bears the date May 20, 2009, but the Judgment is file-stamped May 22, 2009.

[2] The Honorable William A. Cardwell presided.

[3] Kenyon moved pretrial to dismiss the OVUII charge as insufficient and the district court denied Kenyon's motion before trial.

Upon careful review of the record and the briefs submitted by the parties, we resolve Kenyon's arguments on appeal follows:

"[T]he operation [or the assumption of actual physical control] of a vehicle on a public way, street, road, or highway is an attendant circumstance of the offense of OVUII, and is therefore an element of the offense." State v. Wheeler, 121 Hawai'i 383, 393, 219 P.3d 1170, 1180 (2009). The OVUII charge brought against Kenyon was insufficient because it failed to allege that Kenyon operated or assumed actual physical control of a vehicle upon a public way, street, road, or highway. Id.

Therefore,

IT IS HEREBY ORDERED that the district court's Judgment filed on May 22, 2009, is vacated, and this case is remanded to the district court with instructions to dismiss the OVUII charge without prejudice.

DATED: Honolulu, Hawai'i, May 24, 2010.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

2